IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MAXANETTE MENDOZA,**<br>     Plaintiff,<br><br>v.<br><br>**CITY OF SPLENDORA,**<br>     Defendant. | Civil Action No. _____<br><br><br>Jury Demanded |

PLAINTIFF'S ORIGINAL COMPLAINT

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive, and equitable relief; compensatory and actual damages; and costs and attorney's fees for suffered by Plaintiff, MAXANETTE MENDOZA**,** due to CITY OF SPLENDORA taking adverse employment actions against her. This action arises under the Title VII of the Civil Rights Act, as amended.

2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), and Title VII of the Civil Rights Act, as amended, 28 U.S.C. § 1331.

2.2. Jurisdiction is appropriate because Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission alleging discrimination and retaliation.

2.3. Jurisdiction is also appropriate since the EEOC (via the Department of Justice) issued a decision allowing the Plaintiff the right to sue. Exhibit 1.

2.4. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, 2202 and Title VII of the Civil Rights Act, as amended.

2.5. Actual damages, to include back pay and front pay are sought pursuant to Title VII of the Civil Rights Act, as amended.

2.6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and Title VII of the Civil Rights Act, as amended.

2.7. Compensatory and exemplary damages may be awarded pursuant to Title VII of the Civil Rights Act, as amended.

## 3.   VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.  Defendant's place of business is located in the district.

## 4.   PARTIES

4.1. Plaintiff, MAXANETTE MENDOZA, was an employee of Defendant in Montgomery County at the time her causes of action accrued.

4.2. Defendant, CITY OF SPELNDORA, is a government entity in Montgomery County, employs more than 50 employees and engages in interstate commerce. Service can be effectuated by serving its Mayor, Dorothy Welch, 26090 FM 2090 Rd., Splendora, TX 77372.

## 5.   STATEMENT OF THE CLAIMS

5.1.1. Plaintiff is a Hispanic female.

5.1.2. Defendant, City of Splendora, illegally fired Plaintiff on April 10, 2018.

5.1.3. Defendant City of Splendora discriminated against Plaintiff as the only female in her Swat Class training as the instructors were bullying her based on her gender. When the

instructors learned that Plaintiff was a female ex-military purple heart veteran, they began harassing and taunting her.

5.1.4. Defendant City of Splendora used the pretext reason of Plaintiff being left-handed and for defending herself the range.

5.1.5. The males at the training class were swearing, using the "F" word and otherwise harassing Plaintiff. They were not disciplined or terminated.

5.1.6. Defendant City of Splendora stated that Plaintiff was fired for making Defendant City of Splendora look bad by swearing, yet that was the culture at the training.

5.1.7. Plaintiff was denied water; however, the male employees were not.

5.1.8. The Swat training course was a week long and run by AWATT LLC, a private company.

5.1.9. This training occurred at Trinity Armory, Inc. Plaintiff was required to purchase equipment, at her own cost, from Trinity Armory, Inc. The City of Splendora Chief of Police, Henry Wieghat, is the owner of Trinity Armory, Inc.

5.1.10. The Chief benefitted financially from the training classes held at Trinity Armory, Inc. which Defendant City of Splendora paid for his officers to attend. The Chief benefitted financially from the gear his officers purchased to do their job at the Defendant City of Splendora and for training. In fact, AWATT LLC paid the Chief of Police of the Defendant City of Splendora for use of the training where Plaintiff was fired. AWATT LLC continues to use the Trinity Armory, Inc. facility.

5.1.11. Defendant City of Splendora, allowed the Chief of Police Henry Wieghat to fire Plaintiff for alleged acts while she was at a training the department required at a facility owned by the Chief while his company was paid by AWATT LLC.

5.1.12. The Chief had an interest in Plaintiff being fired as he received financial payment from AWATT LLC and their agents made the false complaints about Plaintiff. The Chief receives this benefit to this day.

5.1.13. When Plaintiff first arrived for this Swat training, Instructor Hernandez asked her about her Purple Heart plates and said what is that for, basket weaving?

5.1.14. AWATT LLC specifically told all attendees, including Plaintiff, that they were individuals in training and that their agency chain of command was gone and they were all cadets.

5.1.15. While Plaintiff had 14 years of military training and had been deployed to Afghanistan/Iraq, AWATT LLC instructors had her sitting on the floor during night training.

5.1.16. At one point, Instructor Hernandez told Plaintiff that she was a "bad bitch" and "you don't need water."

5.1.17. At another point an instructor told Plaintiff that he didn't give a fuck what anyone else was doing, he was telling her to throw her clip.

5.1.18. It is important to note that during her military career Plaintiff had earned the Expert Firing Badge.

5.1.19. One of the instructors yelled to "get that bitch off my range, I am tired of hearing she is left-handed." He continued by saying for Plaintiff to "get the fuck off his range."

5.1.20. Every instructor from AWATT LLC began yelling and screaming at Plaintiff and Plaintiff heard them yell, "get that bitch out of here, tell her ass to get the fuck out of here."

5.1.21. Plaintiff did use the "F" word, the same word that was being used at her by males.

5.1.22. Defendant City of Splendora discriminated against Plaintiff based on her gender (female). This discrimination is in violation of Title VII of the Civil Rights Act of 1964, as amended.

## 6. ADMINISTRATIVE CONDITIONS PRECEDENT

6.1. Plaintiff brought this suit within ninety (90) days from the date of receipt of the Department of Justice's Right to Sue.[1] Plaintiff received that notice on December11, 2020, from Defendant. Exhibit 2.

6.2. Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination.

## 7. PRAYER

7.1. WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

    7.1.1. Declare Defendant conduct in violation of Plaintiff's rights;

    7.1.2. Enjoin the Defendant from engaging in such conduct;

    7.1.3. Order Defendant to pay Plaintiff actual damages including but not limited to, back pay and front pay and benefits for which Plaintiff was qualified for the period remaining until Plaintiff's normal retirement age.

    7.1.4. Order Defendant to pay Plaintiff's costs and attorneys' fees in this action.

    7.1.5. Award Plaintiff compensatory damages for benefits and emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    7.1.6. Grant Plaintiff pre-judgment and post-judgment interest;

    7.1.7. Award Plaintiff exemplary damages;

---

[1] It is important to note that Plaintiff initially filed her lawsuit in state court. While that court discussed when Plaintiff filed her initial charge, it failed to note that the EEOC considered Plaintiff's EEOC Charge submission date to be 4.11.2018 and issued a Charge number. Exhibit 4. Regardless, no court has issued a decision on the merits of this case.

7.1.8.  Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

7.1.9.  Order and grant such other relief as is proper and just.

Respectfully Submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ROSENBERG | SPROVACH
3518 Travis
Houston, Texas 77002
ellen@rosenberglaw.com
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG | SPROVACH

ATTORNEY FOR PLAINTIFF