United States District Court
Southern District of Texas
**ENTERED**
January 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAXANETTE MENDOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-21-820 |
| | § | |
| CITY OF SPLENDORA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant City of Splendora's pending Motion to Dismiss (Document No. 9) has been referred to the undersigned Magistrate Judge for a memorandum and recommendation. In that motion, Defendant argues that Plaintiff's claims are both time-barred, and barred by res judicata. Having considered the motion, the response in opposition, the additional briefing, and the claims and allegations in Plaintiff's Original Complaint, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss be GRANTED.

Plaintiff Maxanette Mendoza ("Mendoza") filed this suit against her former employer, the City of Splendora after she was terminated on April 10, 2018. Mendoza alleges that her termination was based on her gender, and alleges a claim against the City of Splendora for discrimination under Title VII. The City of Splendora seeks dismissal of this Title VII case, arguing that Mendoza did not file a timely complaint with the EEOC, and that claims related to her termination were already considered and dismissed by the state courts in connection with Mendoza's antecedently-filed state court lawsuit against the City of Splendora. Because it is clear that Mendoza did not file a timely EEOC complaint, and has already had claims related to her termination dismissed by the Texas courts prior to the filing of this case, the undersigned agrees with Defendant that this case should

be dismissed based on both limitations and res judicata grounds.

Title VII claims, whether they are based on allegations of disparate treatment, disparate impact, hostile work environment, or retaliation, are subject to a statute of limitations that is tied to an administrative complaint process. That means that a plaintiff must first file a discrimination charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of an alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Upon obtaining a right to sue letter from the EEOC, a plaintiff then has ninety days to file a Title VII claim in district court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Alleged unlawful employment acts that occur more than three hundred days prior the filing of an EEOC charge are generally time-barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002) ("a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period—180 or 300 days—set forth in 42 U.S.C. § 2000e–5(e)(1)."). Somewhat similarly, complaints of unlawful employment practices that are not included in an EEOC charge cannot generally be raised in federal court. But, whether a claim has been sufficiently raised in an EEOC charge is a not a straightforward assessment. While "the scope of an EEOC complaint should be construed liberally," *Pacheco*, 448 F.3d at 788, claims that are not specifically raised in an EEOC charge and could not "reasonably be expected to . . . grow out of [a] charge of discrimination, *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444 (5th Cir. 2017), cannot be pursued in federal court due to a failure to exhaust administrative remedies. *Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 F. App'x 414, 416 n.1 (5th Cir. 2016) (claims for which a plaintiff has not exhausted his administrative remedies are barred from review in federal court).

Here, Defendant's submissions show that Mendoza was terminated on April 10, 2018. She

filed her EEOC complaint on March 13, 2019 (Document Nos. 26-1 and 26-2), well over 300 days later. Mendoza has not offered any evidence or argument that would affect Defendant's showing. As such, because the uncontroverted submissions show that Mendoza did not file a timely EEOC complaint, this case is subject to dismissal as untimely filed.

The case is additionally, and alternatively, subject to dismissal on *res judicata* grounds. *Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). A claim is barred by res judicata when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

In determining whether "the same claim or cause of action was involved in both actions," the court looks to "whether the two actions are based on the 'same nucleus of operative facts.'" *Test Masters*, 428 F.3d at 571. "[I]f the primary right and duty and the delict or wrong are the same in each action, the cause of action is the same." *Hall v. Tower Land & Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975). In addition, regardless of the actual claims raised in an action, "[r]es judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication . . .'" *Maxwell,* 544 Fed. App'x at 472 (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Here, as argued by Defendant and supported by Defendant's submissions, Mendoza filed suit against Defendant in state court on September 15, 2020, complaining about her termination, and alleging that she was discriminated and retaliated against based on her gender (Document No. 15-1).

3

That case was dismissed on February 25, 2021, upon Defendant's plea to the jurisdiction (Document No. 1-1), a dismissal which constitutes a dismissal with prejudice and a final determination.  *See Harris County v. Sykes*, 136 S.W.3d 635, 640-41 (Tex. 2004) (granting a plea to the jurisdiction in a case involving a governmental entity that has asserted governmental immunity is to be considered a dismissal with prejudice).  Mendoza's claims are, therefore, also subject to dismissal on res judicata grounds.

Based on the foregoing, and the conclusion that Plaintiff Maxanette Mendoza did not file a timely EEOC complaint, and that res judicata bars the consideration of the Title VII claim(s) she raises herein, the Magistrate Judge

RECOMMENDS that Defendant's Motion to Dismiss (Document No. 9) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), to the recommendation made herein relative to Defendant's Motion to Dismiss.   Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions

4

of law on appeal. *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

    Signed at Houston, Texas, this 18th day of January, 2022.

                                                              */s/ Frances H. Stacy*
                                                            Frances H. Stacy
                                                            United States Magistrate Judge